Richard Charles **WILLIAMS**, Appellant,

v.

**UNITED STATES**, Appellee.

**No. 13589.**

District of Columbia Court of Appeals.

Submitted Feb. 28, 1979.
Decided March 23, 1979.

Peggye J. Scott, Washington, D.C., was on brief, for appellant.

Richard W. Hausler, Asst. U.S. Atty., Washington, D.C., with whom Earl J. Sil-

bert, U.S. Atty., and John A. Terry, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before GALLAGHER and FERREN, Associate Judges, and HOOD, Chief Judge, Retired.

PER CURIAM:

On January 29, 1975, appellant was convicted of petit larceny, D.C.Code 1973, § 22–2202. The trial court sentenced him on March 10, 1975, as follows:

> It is the judgment of this Court that you be sentenced to a period of incarceration of one year. Six months of that sentence is suspended and you're placed on probation for three years, so you'll serve six months and then be on probation for three years.

Appellant did not appeal his conviction and was imprisoned until June 10, 1975, when he entered upon his term of probation. He reported regularly to his probation officer until April 20, 1976. After that date he stopped reporting, although aware of his duty to do so, and changed his address without notifying his probation officer, thus violating the terms of his probation. After repeated attempts to contact appellant, the probation officer notified the trial court, which issued a bench warrant for appellant on November 6, 1976. This warrant remained unexecuted and was renewed on November 2, 1977. The 1977 warrant was executed when appellant was arrested for an unrelated robbery charge on April 24, 1978.

At a probation revocation hearing on April 28, 1978, appellant asserted that the trial court had no jurisdiction to revoke his probation because his probation had expired on March 10, 1978, three years after the date of sentencing. In a later proceeding, the trial court held that it had jurisdiction and, on June 6, 1978, ordered appellant's probation revoked. The court sentenced appellant to ninety days' imprisonment. Appellant thereupon noted his appeal. He has now served his sentence and been released.

■ At the probation revocation hearing the parties and the court treated the matter as though probation had expired on March 10, 1978, thereby raising the question whether the court still had jurisdiction. The government contended that the court did, arguing that issuance of the bench warrant tolled expiration of the probationary period. On appeal, however, the government additionally points out that given the terms of appellant's sentence (quoted above), the original probationary period had not expired as of the time probation was revoked.* If, as the sentence says, the three-year probationary period commenced after appellant had served a six-month prison sentence, that period would still have been in effect on June 6, 1978, when probation was revoked, since it did not begin to run until after appellant's release from prison on June 10, 1975.

■ For this reason alone we might have remanded for clarification rather than reach the merits of the tolling question.

---

* The government also argues that the issue of the trial court's jurisdiction is now moot because appellant's original probation term and the sentence executed upon its revocation have expired. Because collateral legal consequences could stem from a probation revocation, even after the sentence has been served, the government's contention has no merit. *See Hahn v. Burke*, 430 F.2d 100, 102–03 (7th Cir. 1970) (*probation revocation* affixes a permanent blemish to a defendant's record that could af-

fect him in future dealings with the law), *cert. denied*, 402 U.S. 933, 91 S.Ct. 1522, 28 L.Ed.2d 868 (1971); *Hewett v. North Carolina*, 415 F.2d 1316, 1320–22 (4th Cir. 1969) (probation revocation remains on defendant's criminal record and could affect restoration of his civil rights). *See generally Sibron v. New York*, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968); *Brewster v. United States*, D.C.App., 271 A.2d 409, 411 (1972).

However, another concern is also now before us. On January 29, 1979, after the present case had been fully briefed, this court decided *Davis v. United States*, D.C. App., 397 A.2d 951 (1979). There, we held that the trial court is not authorized to give a "split sentence, *i. e.*, a sentence on one count which imposes a term of incarceration, suspends only part of it, and places the defendant on probation following his release from incarceration in lieu of the suspended balance of the prison term." *Id.*, at 952–53. Accordingly, because of the split nature of sentence imposed on appellant, we remand this case for further consideration by the trial court in light of *Davis, supra.*

*So ordered.*

HOOD, Chief Judge, Retired, concurring:

I concur in the result although I believe we are beating a dead horse. I doubt the trial court now can do anything that will be of actual benefit to appellant.