**Norris G. HOLLEY, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 80–1124.

District of Columbia Court of Appeals.

Submitted Dec. 1, 1981.

Decided Dec. 9, 1981.*

Ted Kavrukov, Washington, D. C., appointed by the court, was on the brief for appellant.

Charles F. C. Ruff, U. S. Atty., and John A. Terry and Sylvia Royce, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.

Before KELLY, KERN and MACK, Associate Judges.

PER CURIAM:

In this appeal of the revocation of appellant's work release privilege,[1] it is alleged that the trial court erred in not ensuring a fair work release revocation proceeding. We dismiss this appeal as moot because appellant has served his entire 180-day sentence and will suffer no collateral legal consequences as a result of the execution of judgment.

---

* The original disposition of this case was by an unpublished Memorandum Opinion and Judgment. The government's motion for publication was granted.

1. Appellant pled guilty to a violation of D.C. Code 1973, § 33–402 and was sentenced to serve 180 days with the privilege of work release.

Where, as here, a judgment has been fully executed, and an appellate decision will not affect the rights and duties of the litigants, there is no longer a live controversy, and the appeal must be dismissed as moot. *See Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975). Unless there is a possibility that further penalties or legal disabilities can be imposed as a result of the judgment, this court may not render in the abstract an advisory opinion. *In re DeNeueville*, D.C.App., 286 A.2d 225, 226 (1972). The application of the doctrine of mootness focuses on the presence or absence of collateral legal consequences which may operate to the prejudice of the parties in the future. *Pennsylvania v. Mimms*, 434 U.S. 106, 108 n.3, 98 S.Ct. 330, 332 n.3, 54 L.Ed.2d 331 (1977). Thus, a criminal case is moot only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction. *Brewster v. United States*, D.C.App., 271 A.2d 409, 411 (1970), quoting *Sibron v. United States*, 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968).

After reviewing the record, we find that (1) the judgment has been fully executed; and (2) there is no possibility that appellant will suffer any collateral legal consequences. Appellant began serving his sentence in June of 1980. The record indicates that appellant continued to serve his sentence up to and through the time that his work release was revoked. He has completed serving his entire 180-day sentence. A decision by this court, whether favorable or unfavorable to appellant's claim that he did not receive a fair work release revocation hearing, cannot restore to appellant any of the time he spent in jail while he was denied work release, nor would it in any way affect his conviction.

We fail to discern any potential collateral consequences which might result from the termination of appellant's work release privileges. If, as a result of appellant's conviction, he is to suffer collateral consequences involving legal detriment, they will flow from his conviction rather than from the termination of work release privileges. *Id.* The revocation of appellant's work release privileges by itself will not operate to increase the maximum sentence to which he might be subjected should he be convicted of another offense, nor will it affect his criminal record or his credibility as a witness. *See In re DeNeueville, supra* at 227–28.

*Appeal dismissed.*