Darlene C. SMITH, Appellant,

v.

UNITED STATES, Appellee.

No. 82–1047.

District of Columbia Court of Appeals.

Argued Nov. 3, 1982.

Decided Jan. 5, 1983.

Norman W. Jones, Washington, D.C., appointed by this court, for appellant.

Joseph Michael Hannon, Jr., Asst. U.S. Atty., with whom Stanley S. Harris, U.S. Atty. and Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., were on brief, for appellee.

Before KERN, PRYOR, and BELSON, Associate Judges.

BELSON, Associate Judge:

Appellant seeks review of an order by the trial court of August 2, 1982, revoking her two-year probation and ordering served a reduced 80-day prison sentence for her May 14, 1982, conviction of possession with intent to distribute marijuana. *See* D.C.Code 1981, §§ 33–501, –502(a). The trial court concluded that appellant had violated the conditions of her probation by her subsequent arrest on June 17, 1982, on a charge of distribution of marijuana. Appellant now alleges that the trial court erred in that it failed to require that the government chemist be present and available for cross-examination at the probation revocation proceeding. We dismiss the appeal as moot.

I

On December 11, 1981, appellant was arrested and charged with possession of marijuana with intent to distribute in violation of D.C.Code 1981, §§ 33–501, –502(a). Appellant pleaded guilty to the charge on March 24, 1982. On May 14, 1982, she was sentenced to 120 days' imprisonment. The trial court suspended execution of the sentence and placed appellant on two years probation, one condition of which was that she obey all laws.

▮ About five weeks later, on June 18, 1982, appellant was again arrested on the same charge (Criminal Case No. M–7392–82). On June 22, 1982, appellant's supervising probation officer in the underlying case recommended to the trial court that a show cause hearing be held to determine whether appellant's probation should be revoked. Accordingly, a show cause order was issued on June 29, and a Peters I hearing was held on July 19.[1] The trial court determined that probable cause existed for appellant's probation violation and ordered appellant to

1. In *In re A.W.*, D.C.App., 353 A.2d 686 (1976) (Nebeker, J., concurring), we noted with approval the procedural requirements for probation revocation set out in *United States v. Peters*, Cr. No. 9956–75 (D.C.Super.Ct. Dec. 12, 1975) and established by the Supreme Court in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). There is now a two-stage process to be followed when probation revocation is considered because of alleged criminal activity during the period of probation: (1) an initial hearing (*Peters I*) to determine whether there is probable cause or reasonable grounds to believe the arrested probationer has committed acts which would constitute violations of probation conditions; and (2) a second

be held without bond pending a *Peters II* hearing.[2] On August 2, after that hearing, the trial court revoked appellant's probation and ordered her to serve a reduced sentence of 80 days' imprisonment.

Appellant timely noted her appeal to this court on August 9, 1982, and on September 1, 1982, we ordered an expedited hearing to avoid mootness. On September 21, appellant pleaded guilty to the June 18 offense for which the trial court had revoked her probation. Sentencing was originally scheduled for October 25, 1982, but was then continued to a date later than the date of oral argument of this appeal.

On September 25, 1982, appellee moved to dismiss appellant's appeal as moot. In a per curiam order of September 29, 1982, a panel of this court denied appellee's motion without prejudice. Appellant has subsequently completed her 80-day sentence on the underlying offense.

## II

■ An appeal from a criminal conviction is not moot even though the sentence imposed has been fully served where collateral legal consequences will follow by reason of the challenged conviction. *See Sibron v. New York,* 392 U.S. 40, 57, 88 S.Ct. 1889, 1899, 20 L.Ed.2d 917 (1968); *Brewster v. United States,* D.C.App., 271 A.2d 409, 411 (1970). In most instances, we will presume the existence of collateral legal consequences since "[it is an] obvious fact of life that most criminal convictions do entail adverse collateral legal consequences." *Sibron v. New York, supra* 392 U.S. at 55, 88 S.Ct. at 1898; *see Brewster v. United States, supra* 271 A.2d at 411. However, we will dismiss as moot an appeal from certain actions in criminal proceedings where the appellant has fully executed the judgment and there is no possibility of any

hearing (*Peters II*) to determine whether the violation occurred and, if so, whether revocation is warranted. *See Morrissey v. Brewer, supra* 408 U.S. at 485–88, 92 S.Ct. at 2602–2604; *In re A.W., supra* 353 A.2d at 690–91; *United States v. Peters, supra.*

**2.** *See* note 1, *supra.*

collateral legal consequences. *See Holley v. United States,* D.C.App., 442 A.2d 106, 107 (1981) (per curiam) (appeal from revocation of work release privileges after sentence fully served dismissed as moot).

■ Both prerequisites for dismissal are present here. Appellant has already served the 80-day sentence imposed pursuant to the March 24, 1982, conviction. The Supreme Court has recently held that no collateral legal consequences result from parole revocation where, as here, the convicted individual has fully served his sentence prior to appellate resolution of his case, since

At most, certain nonstatutory consequences may occur ... [affecting] employment prospects, or the sentence imposed in a future criminal proceeding, could be affected.... The discretionary decisions that are made by an employer or a sentencing judge, however, are not governed by the mere presence or absence of a recorded violation of parole; these decisions may take into consideration, and are more directly influenced by, the underlying conduct that formed the basis for the parole violation. Any disabilities that flow from whatever respondents did to evoke revocation of parole are not removed—or even affected—by a District Court order that simply recites that their parole terms are "void." [*Lane v. Williams,* 455 U.S. 624, 102 S.Ct. 1322, 1327–28, 71 L.Ed.2d 508 (1982) (citations & footnotes omitted).]

We adopt the Supreme Court's reasoning in *Lane* and apply it in the analogous context of probation revocation. Appellant has neither shown, nor do we find, any collateral legal consequences arising from her probation revocation. These reasons, alone, are sufficient to moot this appeal. *See Holley v. United States, supra.*[3]

**3.** To the extent our dictum in *Williams v. United States,* D.C.App., 400 A.2d 331, 332 n. * (1979) (per curiam) suggests that collateral legal consequences exist, per se, as a result of probation revocation, that dictum has been superseded by our adoption of the reasoning of the Supreme Court in *Lane v. Williams, supra.*

Moreover, there is a second and independent ground for finding mootness here. Appellant contends that the court improperly revoked her probation because the government failed to establish that the substance recovered on June 18, 1982, was marijuana. Yet on September 21, 1982, she pleaded guilty to the very charge she now attacks—possession of marijuana with intent to distribute. Her judicial admission to this charge estops her from denying that the substance was marijuana and thus, deprives her of the sole basis upon which she asserts error here. See Restatement (Second) of Judgments § 27 (1982); 46 Am. Jur.2d *Judgments* § 415 (1969); *see also Lassiter v. District of Columbia,* D.C.App., 447 A.2d 456, 458–61 (1982); *Henderson v. Snider Brothers,* D.C.App., 439 A.2d 481, 485 (1981) (en banc). Thus, no live controversy remains, and the appeal is moot.

*So ordered.*