**Walter L. FITZGERALD, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–177.

District of Columbia Court of Appeals.

Argued Dec. 1, 1983.

Decided Feb. 6, 1984.

Richard Reback, Washington, D.C., with whom William J. Kolasky, Jr. and Neal S. Manne, Washington, D.C., appointed by the court, were on the briefs, for appellant.

Judith Hetherton, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the brief was filed, Michael W. Farrell and Susan R. Holmes, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before NEBEKER and PRYOR, Associate Judges, and REILLY, Chief Judge, Retired.

1. Associate Judges Ferren, Belson, and Terry    would grant the petition for rehearing en banc.

PRYOR, Associate Judge:

The sole question presented for our review is whether a criminal defendant who is successful in having his conviction set aside on grounds of trial error, after serving the sentence imposed, is placed in double jeopardy by a second trial on the same indictment. We hold that the Double Jeopardy Clause does not bar a subsequent trial in this case and therefore affirm the order of the trial court denying appellant's motion to dismiss the indictment prior to a second trial.

Appellant was indicted for assault with intent to commit rape, D.C.Code § 22–501 (1981); taking indecent liberties with a minor child, id. § 22–3501(a); and enticing a minor child, id. § 22–3501(b). A jury found him guilty of assault with intent to commit rape and on June 13, 1978, he was sentenced to serve fifteen to forty-five months in prison.

■ He appealed the conviction and arguments were heard in March 1979. At the same time, appellant entered prison and, after sixteen months, was released on parole in October of that year. In February 1980, a panel of this court reversed his conviction. *Fitzgerald v. United States,* 412 A.2d 1 (D.C.1980). The government's petition for rehearing en banc was granted, the panel opinion vacated, and the case reargued before the full court in September 1980. In January 1982, while his appeal was pending, appellant was released unconditionally from parole. Two months later, this court issued its en banc decision holding that there was sufficient corroborative evidence to warrant the jury's consideration of the case, but that the trial court had committed plain error in failing to instruct the jury regarding the need for independent

corroboration of a minor complainant's testimony. We overturned appellant's conviction and remanded for a new trial. *Fitzgerald v. United States,* 443 A.2d 1295 (D.C. 1982) (en banc). Thereafter, appellant moved in the trial court to dismiss the indictment on double jeopardy grounds. The motion was denied and this appeal followed.[1]

The Double Jeopardy Clause bars successive trials in some, but not all, circumstances. *United States v. Jamison,* 164 U.S.App. D.C. 300, 305, 505 F.2d 407, 412 (1974) ("... the central policy of the Double Jeopardy Clause [is] to protect defendants from *government*-instigated multiple prosecutions and sentences ...") (emphasis is original).

■ A long line of decisions, commencing with *United States v. Ball,* 163 U.S. 662 (1896), establishes that, absent prosecutorial harassment or overreaching,[2] the Clause does not insulate a "defendant [from] stand[ing] trial again after he has successfully invoked a statutory right of appeal to upset his first conviction ... on any ground other than the insufficiency of the evidence to support the verdict." *United States v. Scott,* 437 U.S. 82, 90–91, 98 S.Ct. 2187, 2193, 57 L.Ed.2d 65 (1978) (citations omitted); *United States v. Tateo,* 377 U.S. 463, 465, 84 S.Ct. 1587, 1588, 12 L.Ed.2d 448 (1964); *Forman v. United States,* 361 U.S. 416, 425, 80 S.Ct. 481, 486, 4 L.Ed.2d 412 (1960); *see also In re Evans,* 450 A.2d 443, 446 (D.C.1982).

Appellant does not dispute this principle but argues that the government no longer has a sufficient interest in prosecuting him because he could not be punished further if reconvicted at a second trial.[3] We acknowl-

---

1. The pretrial denial of a motion to dismiss an indictment on double jeopardy grounds is a final order and thus immediately appealable. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977); *Coleman v. United States,* 414 A.2d 528 (D.C.1980).

2. The decision to reindict appellant was a determination vested in the prosecutor's sound discretion, *see Newman v. United States,* 127

U.S.App.D.C. 263, 382 F.2d 479 (1967). There is nothing in the record indicating an abuse of that discretion.

3. The only support appellant musters for this proposition is dictum from two Supreme Court decisions that is not persuasive on the facts of this case. *United States v. Wilson,* 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975), in-

edge that if appellant is again convicted, the trial court will be restricted to the sentence it imposed upon the previous conviction unless a harsher sentence "is justified on the basis of 'identifiable conduct on the part of [appellant] occurring after the time of the original sentencing proceeding'." *Barnes v. United States,* 136 U.S. App.D.C. 171, 172, 419 F.2d 753, 754 (1969) (quoting *North Carolina v. Pearce,* 395 U.S. 711, 726, 89 S.Ct. 2072, 2081, 23 L.Ed.2d 656 (1969)).[4] However, the government's interests in this case are not limited to punishment alone. There are significant governmental and societal interests in identifying those guilty of criminal activity and having valid convictions entered against them. *United States v. Scott, supra,* 437 U.S. at 101, 98 S.Ct. at 2199; *Wade v. Hunter,* 336 U.S. 684, 689, 69 S.Ct. 834, 837, 93 L.Ed. 974 (1949).

The strength of these interests is fortified by the substantial collateral consequences attending conviction for a serious crime. For example, Congress has determined that recidivists should be subject to enhanced punishment upon a second or third conviction. Thus, imposition of a mandatory minimum sentence is required where a defendant is convicted of certain serious offenses following conviction for a violent crime (such as assault with intent to commit rape). D.C.Code §§ 22–3202(a)(2),

24–203(b). Similarly, the government is authorized to seek enhanced penalties upon second and third convictions for the same offense. *Id.* §§ 22–104, –104(a). Congress has also determined that convicted felons may pose a special threat to the community, justifying denial of their right to possess certain firearms and the imposition of criminal penalties if they fail to obey this proscription. *Id.* § 22–3203(a)(2). Furthermore, Congress has provided that an accused who has previously been convicted of a violent crime may be detained before trial, *id.* §§ 23–1322(a)(1), (2), –1331(3)(D), (4), and impeached with his past felony conviction if he elects to testify at trial, *id.* § 14–305.

These collateral consequences, among others, are intended to encourage those who have been convicted of serious crimes to observe the precepts of the criminal code. As such, they inure to the public's benefit and justify the government's authority to retry appellant.

While a second trial will expose appellant to heavy burdens and pressures, we conclude that immunity from conviction is a disproportionate reward for trial error. The trial court's order denying the motion to dismiss the indictment is

*Affirmed.*

---

volved the permissibility of the government's appeal from a post-verdict dismissal of an indictment; *United States v. Ewell,* 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966), concerned an accused's Sixth Amendment speedy trial right. Further, the language in both cases has never been employed by the Court to justify the result appellant seeks.

Appellant has also cited dicta in *Williams v. Wolff,* 497 F.Supp. 122 (D.Nev.1980), aff'd mem., 679 F.2d 904 (9th Cir.1982), suggesting that one in appellant's position may not be retried. However, the District Court's remarks appear to conflict with an earlier decision from its own Circuit Court of Appeals, *United States v. Hall,* 559 F.2d 1160 (9th Cir.1977), cert. denied, 435 U.S. 942, 98 S.Ct. 1523, 55 L.Ed.2d 539 (1978) (concluding that a defendant who successfully appealed his conviction could be retried despite having fully served the probationary sentence imposed on the conviction).

**4.** Appellant, citing *Ex parte Lange,* 85 U.S. (18 Wall.) 163 (1873), maintains that the Double Jeopardy Clause poses an absolute bar to the imposition of an added sentence in the event he is reconvicted. We see no basis for this reading of *Lange.* Lange had been convicted under a statute permitting imprisonment for not more than one year or a fine of not more than $200; he was sentenced to the maximum of both. In this instance, appellant received a sentence of fifteen to forty-five months under a statute permitting imprisonment for not more than fifteen years. D.C.Code § 22–501 (1973). Lange, unlike appellant, could not be punished further because he had already suffered the maximum penalty authorized by the legislature. *See United States v. DiFrancesco,* 449 U.S. 117, 139, 101 S.Ct. 426, 438, 66 L.Ed.2d 328 (1980).