*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 18-CO-1221

ANTOINE ANDRE, APPELLANT,

V.

UNITED STATES, APPELLEE.

Appeal from the Superior Court
of the District of Columbia
(CMD-709-15)

(Hon. Robert E. Morin, Trial Judge)

(Submitted May 17, 2019                    Decided August 15, 2019)

*Robin M. Earnest* was on the brief for appellant.

*Jessie K. Liu*, United States Attorney, and *Elizabeth Trosman*, *John P. Mannarino*, *Caroline Burrell*, *Eric Nguyen*, and *Patricia A. Heffernan*, Assistant United States Attorneys, were on the brief for appellee.

Before GLICKMAN, EASTERLY, and MCLEESE, *Associate Judges*.

GLICKMAN, *Associate Judge*:   After this court vacated appellant Antoine Andre's misdemeanor assault convictions and remanded for further proceedings, the United States proposed to retry him on the same charges.  Mr. Andre now appeals the trial court's denial of his motion to dismiss the reinstated charges on

double jeopardy grounds.[1] He argues that the Double Jeopardy Clause of the Fifth Amendment bars his retrial because he has completely served the sentence previously imposed on him and – as the government does not dispute – his reconviction on the charges would expose him to no additional punishment and also would have no collateral legal consequences. We reject this argument, hold that the Double Jeopardy Clause does not bar Mr. Andre's retrial even assuming the absence of further penal or collateral consequences of a conviction, and affirm the denial of his motion.

## I.

After a bench trial in 2015, Mr. Andre was convicted of two counts of simple assault in violation of D.C. Code § 22-404(a)(1) (2013Supp.). The court

---

[1] A pretrial order of the Superior Court denying a motion to dismiss charges on double jeopardy grounds is a final order for purposes of appellate review and thus immediately appealable. *See Abney v. United States*, 431 U.S. 651, 662 (1977); *Fitzgerald v. United States*, 472 A.2d 52, 53 n.1 (D.C. 1984). Mr. Andre's brief on appeal also asserts that dismissal was warranted on other grounds in the nature of vindictive prosecution, but we lack jurisdiction to consider that claim at this time because a pretrial rejection of a vindictive prosecution claim is not considered an immediately appealable final order. *See Gant v. United States*, 467 A.2d 968, 970 (D.C. 1983); *see also United States v. Hollywood Motor Car Co.*, 458 U.S. 263, 264 (1982) (per curiam). We therefore address only Mr. Andre's double jeopardy claim.

sentenced him to consecutive 180-day terms of imprisonment, suspended the execution of that sentence as to all but seven days on each count, and placed him on probation for concurrent terms of one year on each count. He finished serving this sentence in 2016, while his appeal was still pending.

The following year, this court issued an unpublished opinion holding that the government had presented sufficient evidence at trial to support Mr. Andre's simple assault convictions and that his other claims of error also did not entitle him to relief. But in a petition for rehearing, Mr. Andre asserted the new claim that he had been deprived of his Sixth Amendment right to conflict-free representation at trial.[2] Perceiving potential merit in this new claim, we granted the petition and issued a revised decision "vacat[ing] the trial court's judgment and remand[ing] to allow the trial court to hold a hearing regarding counsel's conflict and its impact upon counsel's representation of Mr. Andre."[3]

---

[2] It appears Mr. Andre proceeded in this fashion because, no longer being under sentence, he could not move the Superior Court to vacate his convictions under D.C. Code § 23-110 (2012 Repl.).

[3] *Andre v. United States*, No. 15-CM-1250, Mem. Op. & J. at 5 (D.C. Apr. 26, 2018).

On remand, the government elected not to contest Mr. Andre's Sixth Amendment claim and instead to proceed directly to retry the charges against him. The court accepted the government's concession, which obviated the need for a hearing and ruling on trial counsel's conflict of interest, and ruled that Mr. Andre therefore was entitled to a new trial without having to prove his Sixth Amendment claim. Mr. Andre opposed retrial and moved to dismiss the information on double jeopardy (and other) grounds. The court denied that motion and Mr. Andre took this appeal.

## II.

The Double Jeopardy Clause of the Fifth Amendment provides that no person "shall . . . be subject for the same offence to be twice put in jeopardy of life or limb."[4] Appellant's claim that the Double Jeopardy Clause forbids his retrial presents a question of law that we review *de novo*.[5]

Broadly speaking, the Fifth Amendment guarantee against double jeopardy "consist[s] of three separate constitutional protections. It protects against a second

---

[4] U.S. CONST. amend. V.

[5] *United States v. Felder*, 548 A.2d 57, 61 (D.C. 1988).

prosecution for the same offense after acquittal. It protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense."[6] But as the Supreme Court has explained, "to require a criminal defendant to stand trial again after he has successfully invoked a statutory right of appeal to upset his first conviction is not an act of governmental oppression of the sort against which the Double Jeopardy Clause was intended to protect."[7] Thus, one of the "venerable principles of double jeopardy jurisprudence" is that "[t]he successful appeal of a judgment of conviction, on any ground other than the insufficiency of the evidence to support the verdict, poses *no bar* to further prosecution on the same charge;"[8] "*no limitations whatever*," as the Court emphatically put it in *Pearce*.[9] The Double Jeopardy Clause leaves the decision to recharge and retry a defendant who has obtained a reversal or vacatur of his conviction on appeal to "the prosecutor's sound discretion."[10]

---

[6] *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969) (footnotes omitted).

[7] *United States v. Scott*, 437 U.S. 82, 91 (1978).

[8] *Id.* at 90-91 (emphasis added; citation omitted).

[9] 395 U.S. at 720 (emphasis added).

[10] *Fitzgerald*, 472 A.2d at 53 n.2; *see also Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to

*(continued…)*

Mr. Andre does not identify any authority supporting his exemption from these well-settled principles. The Double Jeopardy Clause does not preclude his re-prosecution and re-sentencing upon conviction merely because he already has served the sentence imposed on him for his vacated convictions. In this context, the double jeopardy guarantee against multiple punishments for the same offense requires only that the "punishment already exacted must be fully 'credited' in imposing sentence upon a new conviction for the same offense."[11] As long as that crediting is done, the court has "the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction."[12] A proper credit for the sentence already served against the final sentence "fully vindicate[s] [the defendant's] double jeopardy rights" because, "in the multiple punishments context," the interest protected by the Double Jeopardy Clause "is limited to ensuring that the total punishment did not exceed that authorized by the

---

*(…continued)*
prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.").

[11] *Pearce*, 395 U.S. at 718-19 (footnote omitted).

[12] *Id.* at 720.

legislature."[13]

This "crediting principle" applies to sentences of probation such as that served by Mr. Andre.[14] The proper method for "fully crediting" time on probation against a subsequent sentence of imprisonment is an open question,[15] but that question may well be academic in this case and it would be premature for us to attempt to answer it now. Although Mr. Andre is mistaken in asserting that he has served the maximum sentence authorized by law for the two charged counts of

---

[13] *Jones v. Thomas*, 491 U.S. 376, 381-82 (1989) (quotation marks and citation omitted). Although double jeopardy principles do not bar a more severe sentence upon reconviction after a new trial (so long as the sentence is within statutory limits), due process of law requires that any harsher sentence be justified on the basis of "identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding." *Pearce*, 395 U.S. at 726.

[14] *See United States v. Martin*, 363 F.3d 25, 37 (1st Cir. 2004) ("[B]ecause the sentence of probation is 'a punishment already exacted' for [the defendant's] offense, it must be credited against a new sentence of imprisonment imposed after an appeal.").

[15] In *Martin*, the First Circuit held that because probation is less restrictive than incarceration, "'fully crediting' probation against a subsequent sentence of imprisonment, does not require a day-to-day offset against time to be served in prison." *Id.* at 39 (citation omitted). But the appeals court did not specify how a defendant resentenced to a prison term should be credited for time on probation; it chose instead to "leave this fact-based inquiry to the judgment of the district court." *Id.*

simple assault (and therefore could not be punished any further),[16] the government has represented that it will not seek a greater sentence in his case; "should appellant be convicted after retrial," the government states in its brief, "the original sentence will simply be re-imposed and appellant will be credited for time-served."[17]

Mr. Andre argues that since he would not be exposed to further direct penal consequences upon reconviction, the government must identify "substantial collateral consequences" of the kind this court mentioned in *Fitzgerald* as "attending conviction for a serious crime" in order to justify retrying him.[18] Such

---

[16] The maximum authorized sentence for simple assault is imprisonment for not more than 180 days plus a fine. D.C. Code § 22-404(a)(1). Mr. Andre was placed on probation after serving only a few days in prison, and he was not ordered to pay a fine. *See Jeffers v. United States*, 432 U.S. 137, 155 (1977) ("Fines, of course, are treated in the same way as prison sentences for purposes of double jeopardy and multiple-punishment analysis." (citing *Pearce*, 395 U.S. at 718 n.12)); *see also United States v. DiFrancesco*, 449 U.S. 117, 139 (1980) ("No double jeopardy problem [is] presented" where an offense is "punishable by both fine and imprisonment, even though that is multiple punishment."). But to be clear, for the reasons explained above, double jeopardy principles would not be violated by Mr. Andre's retrial even if it were true that he had served the maximum authorized sentence for two counts of simple assault.

[17] Brief for Appellee at 19.

[18] *See Fitzgerald*, 472 A.2d at 54 (identifying various "substantial collateral consequences" of conviction for a serious crime, including enhanced punishment

*(continued…)*

collateral consequences are absent here, Mr. Andre asserts, because simple assault is only a misdemeanor.

This argument misapprehends our decision in *Fitzgerald*. Double jeopardy jurisprudence does not distinguish between misdemeanors and more serious crimes, nor does it support the proposition that a reprosecution must threaten particular direct or collateral consequences for the government to retry a defendant whose conviction was overturned on appeal.

In line with Supreme Court precedent, *Fitzgerald* held that the Double Jeopardy Clause did not "insulate" the appellant in that case from having to stand trial again after his conviction had been set aside on appeal, even though he had served his previously imposed sentence and (under the due process holding of *Pearce*[19]) likely could not be punished further if reconvicted of the same offense.[20] In the course of so holding, we disagreed with appellant's argument that the government did not have "a sufficient interest" in retrying him if it could not

---

*(…continued)*
upon a second or third conviction, denial of the right to possess firearms, pretrial detention upon rearrest, and use of the conviction for purposes of impeachment).

[19]  See footnote 13, *supra*.

[20]  *Fitzgerald*, 472 A.2d at 53-54.

obtain a harsher sentence. The government's interests were "not limited to punishment alone," we explained, because "[t]here are significant governmental and societal interests in identifying those guilty of criminal activity and having valid convictions entered against them."[21]

Our opinion in *Fitzgerald* went on to say that the "strength" of those interests is "fortified" by the "substantial collateral consequences attending conviction for a serious crime,"[22] but we did not purport to condition the government's authority to retry a defendant on the existence of such consequences or the gravity of the offense. We take the opportunity to clarify that neither *Fitzgerald* nor the Double Jeopardy Clause requires any showing of direct or collateral consequences before the government may retry a defendant following his or her successful appeal.

For the foregoing reasons, we affirm the denial of appellant's motion to dismiss on double jeopardy grounds.

---

[21] *Id.* at 54 (citing *Scott*, 437 U.S. at 101 (acknowledging "the public interest in assuring that each defendant shall be subject to a just judgment on the merits of his case"), and *Wade v. Hunter*, 336 U.S. 684, 689 (1949) (acknowledging "the public's interest in fair trials designed to end in just judgments")).

[22] *Fitzgerald*, 472 A.2d at 54.