*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 22-CO-0938


FRANK L. BAILEY, APPELLANT,

V.

UNITED STATES, APPELLEE.


Appeal from the Superior Court
of the District of Columbia
(2022-DVM-000416)

(Hon. Kimberley Knowles, Trial Judge)

(Submitted November 9, 2023                    Decided July 11, 2024)

*Adrian E. Madsen* was on the brief for appellant.

*Matthew M. Graves*, United States Attorney, and *Chrisellen R. Kolb*, *John P. Mannarino*, and *Kristina L. Ament*, Assistant United States Attorneys, were on the brief for appellee.

Before BLACKBURNE-RIGSBY, *Chief Judge*, and EASTERLY and SHANKER,[*] *Associate Judges*.

---

[*] Associate Judge AliKhan was originally assigned to this case. Following her appointment to the U.S. District Court for the District of Columbia, effective December 12, 2023, Associate Judge Shanker was assigned to take her place on the panel.

EASTERLY, *Associate Judge*: Frank Bailey appeals from the Superior Court's decision to require him to serve the balance of his original suspended sentence of incarceration after he violated the terms of his probation. We conclude that this case is moot and thus dismiss his appeal.

## I.      Facts and Procedural History

In July 2022, Frank Bailey pleaded guilty to one count of simple assault in 2022-DVM-416 and was sentenced to 180 days of incarceration, execution of sentence suspended as to all but thirty days, as well as twelve months of probation and a $50 assessment under the Victims of Violent Crimes Compensation Act. A little over a month after being released on probation, Mr. Bailey was arrested for theft and attempted threats, and held in pretrial detention in this new case, 2022-DVM-841. Mr. Bailey subsequently pleaded guilty in 2022-DVM-841 to one count of attempted threats in exchange for dismissal of the theft count.

The next day, the Superior Court held a hearing to address Mr. Bailey's violation of the terms of his probation in 2022-DVM-416 and sentencing in 2022-DVM-841. After hearing from Mr. Bailey's mother, the complainant in both cases, who implored the court not to lock up her son and to help him get treatment for his drug dependence and mental health issues, the court first turned to Mr. Bailey's probation violation. Defense counsel asked the court not to revoke

Mr. Bailey's probation in 2022-DVM-416 and explained that he would be asking for probation with treatment in the 2022-DMV-841 matter "to try[] to get Mr. Bailey . . . out of this cycle." Mr. Bailey told the court that he had been unable to report to his probation officer on several occasions because he had been incarcerated. And his probation officer confirmed that "there was some time where [Mr. Bailey] had [some] issue[s] reporting due to rearrest," although his compliance had otherwise been poor, and noted that Mr. Bailey had taken a "lockup [drug] test which was positive for PCP." The government did not take a clear position on how to address the probation violation.

While acknowledging Mr. Bailey's "substance abuse . . . problem," the Superior Court revoked Mr. Bailey's probation on account of his "not tak[ing] advantage of probation," as demonstrated by the fact that he had just "pled guilty to committing a new offense while on probation." The court confessed that it did not remember the facts of the case on which Mr. Bailey had been on probation (it had not been on the court's calendar due to an apparent administrative error), but explained that "at the time [it] sentence[s] people, [it] sentence[s] them to what [it] believe[s] is the appropriate sentence," should probation be revoked. Without further explanation, the court sentenced Mr. Bailey to "180 days[,] credit for time served." Turning to 2022-DVM-841, the trial court sentenced Mr. Bailey to a ninety-day suspended sentence and twelve months of probation. Mr. Bailey timely

appealed his sentence.

## II.  Analysis

Mr. Bailey challenges the trial court's "uniform policy of imposing the remainder of the original sentence upon revocation of probation," arguing that "the trial court abused its discretion by applying a uniform policy in a circumstance calling for choice," and citing case law explaining a court's obligation to exercise its discretion—rather than adhering to a uniform policy—in sentencing generally, *Houston v. United States*, 592 A.2d 1066, 1067 (D.C. 1991), and when revoking probation specifically, *Mulky v. United States*, 451 A.2d 855, 856 (D.C. 1982). Although Mr. Bailey has completed his 180-day sentence in 2022-DVM-416, he contends that his challenge to the court's sentencing decision post revocation is not moot because (1) he has not paid the entirety of his $50 assessment to the Victims of Violent Crime Fund (VVC Fund) and (2) resentencing on remand "could result in time currently credited toward [his] sentence in this matter [2022-DVM-416] instead being credited to his sentence in 2022[-]DVM[-]841," should his probation in that case be revoked. Alternatively he argues that "even assuming that this appeal is moot, a trial court abusing its discretion by applying a uniform policy of imposing the remainder of the original sentence upon revocation is 'a matter of importance that is likely to recur, yet evade review with respect to others similarly situated.'"

Appellant Br. at 9 (quoting *McBride v. United States*, 255 A.3d 1022, 1028 (D.C. 2021)).  We are unpersuaded.

Generally, when "a judgment has been fully executed, and an appellate decision will not affect the rights and duties of the litigants, there is no longer a live controversy, and the appeal must be dismissed as moot."  *Holley v. United States*, 442 A.2d 106, 107 (D.C. 1981).  Applying this rationale, this court has held that the service of the entirety of an appellant's sentence will moot out their appeal of a trial court's probation revocation decision.  *Smith v. United States*, 454 A.2d 1354, 1356 (D.C. 1983) (adopting the Supreme Court's reasoning in *Lane v. Williams*, 455 U.S. 624, 632-33 (1982), in the analogous context of parole); *accord Marshall v. District of Columbia*, 498 A.2d 190, 192 (D.C. 1985) ("Because appellant has already served his full sentence, . . . []his claim [that his probation was improperly revoked] is . . . moot." (citing *Smith*, 454 A.2d 1354; *Holley*, 442 A.2d 106; *Lane*, 455 U.S. 624)).

Mr. Bailey does not cite to any of this binding precedent.  Instead he first argues that he has not in fact completely served his sentence because he has yet to pay his full assessment to the VVC fund.  Were his claim on appeal related to his obligation to pay this assessment, we would surely agree that his appeal was not moot.  *Cf. Ruffin v. United States*, 135 A.3d 799, 801 n.3 (D.C. 2016) (recognizing that a trial court has a duty to impose a valid assessment under the VVC Fund).  But

Mr. Bailey's claim has nothing to do with imposition of the statutorily-defined assessment, D.C. Code § 4-516, and instead concerns the court's alleged failure to exercise its discretion in imposing a sentence of incarceration after its decision to revoke his parole.[1]

Mr. Bailey offers a "second, independent reason" that his appeal is not moot: "if resentenced to a lesser period of incarceration, time currently credited toward Mr. Bailey's sentence in the conviction giving rise to this appeal could be credited toward Mr. Bailey's sentence in 2022[-]DVM[-]841, a case in which Mr. Bailey is serving a probationary sentence, should his probation in that matter be revoked." But this potential benefit requires far too many "ifs" to constitute a collateral consequence of his post-revocation sentence. *Cf. Spencer v. Kemna*, 523 U.S. 1, 15-16 (1998) (rejecting appellant's proffered collateral consequence—that his parole revocation "could be used to impeach him should he appear as a witness or litigant in a future criminal or civil proceeding"—as too speculative to be considered in determining mootness issue).

Alternatively, relying on this court's decision in *McBride*, Mr. Bailey argues that even if his case is moot, it "involves [an] overarching issue[] important to the

---

[1] Mr. Bailey's reliance on *Bradley v. District of Columbia*, 107 A.3d 586, 602 n.40 (D.C. 2015), is misplaced; unlike Mr. Bailey, the defendant in that case was required to pay monetary fines for his crimes.

resolution of an entire class of future [cases]." 255 A.3d at 1028 (explaining that this court may "consider whether a case presents 'a matter of importance that is likely to recur, yet evade review'" so long as the case surmounts this bar).[2] But as we explained in *McBride*, this is an "exacting standard" which has only been met in a "narrow category of criminal cases" presenting questions "elemental to the functioning of the criminal justice system." *McBride*, 255 A.3d at 1028. Mr. Bailey has not demonstrated that his case satisfies this standard.

Although his observation that "the imposition of probation and thus revocation of probation is more common in misdemeanor cases [with relatively short sentences] than in felony cases" suggests that the issue of improper sentencing upon probation revocation is one capable of evading review, Mr. Bailey has provided no information or evidence to suggest that misdemeanor probationers are, upon probation revocation, regularly subjected to the full sentence that was held in abeyance when they received probation, without consideration of their individualized circumstances, including any new information provided to the court

---

[2] Mr. Bailey does not argue that we should review this case because it presents an issue which is "capable of repetition yet evading review" under the test set forth by the Supreme Court. *See Weinstein v. Bradford*, 423 U.S. 147, 149 (1975) (explaining this exception applies only where "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again").

subsequent to their initial sentencing. In other words, he "has presented an interesting legal problem but not one so vital, urgent, or likely to recur while evading review as to justify deciding the issue in the context of a moot appeal." *Id.* at 1029. *See id.* at 1028 (collecting the handful of cases where this court has exercised its discretion "to reach the merits of a seemingly moot controversy").

### III.   Conclusion

For the foregoing reasons, the appeal is dismissed.

*So ordered*.