OPINION OF THE COURT
Joseph Cohen, J.
The question presented by this case is whether the double jeopardy provision of the Fifth Amendment to the United States Constitution applies to a retrial of a case which has *437 been reversed on appeal for deliberate prosecutorial misconduct during trial.
These defendants were found guilty following a trial by jury of the crime of rape in the first degree, and were sentenced to an indeterminate term of imprisonment with a maximum of six years. The case, like the question it raises for determination, is not an ordinary one. It was closely contested by both sides, and it is the very "contest” which caused the reversal on the ensuing appeal.
The Appellate Division’s opinion (People v Cavallerio, 71 AD2d 338) like the case itself, extraordinary in its subject matter and content, does not deal with the issue raised by this motion but gives rise to the issue that has been here joined, in that it attributes the reversal of this case to calculated and deliberate prosecutorial misconduct.
When a case is returned to its prepleading status, or a new trial is ordered by an appellate court, the retrial is not barred by double jeopardy (CPL 40.20, 40.30, subd 3). However, it appears that when the reversal is caused by certain kinds of prosecutorial overreaching or misconduct, there is an exception to the norm, and the protection against successive prosecutions afforded a defendant by double jeopardy applies. The defense contends that this is such a case.
The Supreme Court of the United States, in a line of cases that includes Lee v United States (432 US 23), United States v Dinitz (424 US 600), United States v Jorn (400 US 470) and Downum v United States (372 US 734), in dealing with mistrials has repeatedly held that ordinarily, the granting of a mistrial at the defendant’s request will not bar a subsequent retrial on the same charges on double jeopardy grounds. This concept has come to be known as the "Demand-Waiver Rule”. Simply put, it provides that when a demand for a mistrial (or reversal on appeal) is at the defendant’s request, it operates as a waiver of any double jeopardy claim that a defendant might have to the reprosecution of the case before the same or different tribunal (United States v Dinitz, supra; United States v Jorn, supra) since the defendant sought the relief of a new trial.
The "Demand-Waiver Rule” gives way, however, when the retrial is caused by prosecutorial overreaching or misconduct. It is not just any prosecutorial error, misjudgment or in fact misconduct that will trigger a double jeopardy issue on retrial. There is a certain threshold of misconduct that must be *438 reached before a retrial will prohibited on double jeopardy grounds. (See United States v Kessler, 530 F2d 1246.)
Whether or not the threshold has been crossed, must, like many areas of the law, be judged on a case-by-case analysis, and it is indeed the rare case that will fit the criteria necessary. For example: excessive zeal, or the exuberance of a young and inexperienced prosecutor will not rise to such a level; nor will a plain blunder, or a conscious good faith decision by the prosecutor (which may be in complete error and mandate automatic reversal or mistrial) prevent retrial, even if the error is very basic. So long as there is no bad faith on the part of the prosecutor, double jeopardy will not lie. (See People v Zagarino, 74 AD2d 115.)
The criteria in this court’s opinion is bad faith. It must be a deliberate and intentional action of the prosecutor. "The Double Jeopardy Clause does protect a defendant against governmental actions intended to provoke mistrial requests and thereby subject defendants to the substantial burdens imposed by multiple prosecutions. It bars retrials where 'bad-faith conduct by the judge or prosecutor’ threatens the '[h]arassment of an accused by successive prosecutions or declaration of a mistrial so as to afford the prosecution a more favorable opportunity to convict’ the defendant.” (United States v Kessler, supra, at p 1255, citing United States v Jorn, supra; emphasis supplied.) !
In People v Zagarino (supra, p 119) the Appellate Division, Second Department, points out in a case on a somewhat similar point, that a direction of a mistrial usually lies and not dismissal in the interest óf justice but "A deliberate or practiced pattern of conduct bjj law enforcement authorities to introduce inadmissible material prejudicial to the defendant might under certain circumstances be grounds for dismissal of an indictment”.
Therefore, before this court can consider the extraordinary relief of applying the double jeopardy protection of the Constitution to a case, it must first find that there was prosecutorial misconduct, and that the prosecutorial misconduct must have occurred through gross negligence or through intentional misconduct and it must have caused serious consequences to develop (United States v Kessler, supra, at p 1256, citing United States v Dinitz, 424 US 600, supra).
In this case that finding hqs already been made for this court, by the Appellate Division. In reversing this matter for *439 deliberate and calculated prosecutorial misconduct in the violation of the trial court’s Sandoval ruling and for commenting during summation, on the defendants’ failure to take the stand during trial: "[w]hat we find most disturbing about the colloquy is that the prosecutor, an experienced senior trial assistant, acknowledged that he deliberately elicited an answer of such an unquestionably prejudicial character as to fatally undermine the inherent fairness of the trial. 'This inflammatory testimony virtually challenged the jury to determine whether it should permit defendant to also "beat” his latest (alleged) rape attempt’ * * * 'In the jury’s eyes these references to the defendant’s criminal background may have made "the difference between the trial of a man presumptively innocent of any criminal wrongdoing and the trial of a known [rapist]” ’ * * * This testimony was so devastating that there can exist no justification for placing it before the jury.” (People v Cavallerio, 71 AD2d 338, 342.)
The prosecutor was aware that the prior charge against Colabella had been dismissed and therefore would not have provided a basis for cross-examination; and that Cavallerio had pleaded guilty to criminal mischief to cover one of the rape charges against him.
The violation of the court’s Sandoval ruling was not the only egg that was stepped on. There was other misconduct of a grave and substantial nature, when during summation the prosecutor deliberately commented on the defendants’ failure to take the stand and testify in their own defense. This is "an infringement of so fundamental a right as to be preserved for appellate review even in the absence of exception.” (People v Cavallerio, supra, at pp 343-344.) This type of comment by the prosecutor does not appear, from the Appellate Division’s action, to be of an isolated nature but it appears to be pervasive.
As has been previously pointed out, that as the Appellate Division has already found sufficient prosecutorial misconduct of so pervasive a nature to mandate the reversal of this case, what merely remains for this court to do, is apply that conduct to the standard set forth in the previously cited line of cases.
At this point the court must point out that although the afore-mentioned line of cases deals with provoked mistrial and not retrial following reversal on appeal, the court sees little difference in the application of double jeopardy to the latter *440 situation. So long as the retrial is caused by deliberate prosecutorial misconduct, of such a nature and so calculated as to be likely to cause a new trial on successive appeals, what difference is there to the defendant if his successive trials are caused by conduct calculated! to bring about a mistrial or conduct which the prosecutor ¡knows will result in a reversal, should there be a conviction. The burden on the defendant is the same. The harm sought to be avoided by double jeopardy protection is the same.
Therefore, this court holds that the same reasoning applicable to mistrials caused by deliberate and calculated actions by a prosecutor is applicable to a reversal on appeal caused by deliberate and calculated actions of the prosecutor.
Accordingly, for all of the foregoing reasons, this court finds as did the appellate court, that there was prosecutorial misconduct of a serious and intentional nature, which aggravated the trial of this case so as to seriously prejudice and bring about a retrial of this case either by mistrial, or reversal on appeal.
The court further finds that had the court granted the mistrial, as requested by the defense at the time the acts occurred, a retrial following such a mistrial would have been barred by the double jeopardjj provision of the Fifth Amendment to the United States Constitution.
The court thinks that the effect on the defendants should be the same; they could not have been retried had the case been mistried and they cannot be retried now, following its reversal on appeal.
Accordingly, the motion is granted and the indictment is dismissed. For the foregoing reasons it is not necessary to pass on any other question raised.