**Ondrae GANT, Appellant,**

v.

**UNITED STATES, Appellee.**

No. 83–338.

District of Columbia Court of Appeals.

Argued Sept. 12, 1983.

Decided Sept. 30, 1983.

---

James Klein, Public Defender Service, Washington, D.C., with whom A. Franklin Burgess, Jr., Public Defender Service, Washington, D.C., at the time the motion was filed, and Mark S. Carlin, Public Defender Service, Washington, D.C., were on the motion, for appellant.

Michael W. Farrell, Asst. U.S. Atty., Washington, D.C., with whom Stanley S. Harris, U.S. Atty., Washington, D.C., was on the motion, for appellee.

Before KERN, NEBEKER and BELSON, Associate Judges, in chambers.

NEBEKER, Associate Judge:

This is an appeal from a denial of appellant's motion to dismiss his indictment on double jeopardy grounds. *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Appellant asserts that the trial court erred in refusing to grant an evidentiary hearing on the motion to dismiss. With the agreement of the parties, we have expedited review and disposition. We affirm the trial court's order denying dismissal on double jeopardy grounds.

I

On October 15, 1982, appellant was convicted by a jury of rape, D.C.Code § 22–2801 (1981), carnal knowledge, *id.,* and enticing a minor child, *id.* § 22–3501(b). During the trial, appellant made numerous motions for mistrial, all of which were denied. The trial court did, however, grant appellant's motion for a new trial based upon prosecutorial misconduct for asserted improper impeachment of the defendant. Once he was granted a new trial, appellant moved to dismiss the indictment. This motion was originally based solely upon the ground of prosecutorial vindictiveness, *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), and was later enlarged to include a claim of double jeopardy, *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982).

At the hearing on the motion to dismiss the indictment, the trial court had before it appellant's written motion, the government's opposition and appellant's response to the government's opposition. Included within the latter was a copy of an internal office memorandum written after the trial by the Assistant United States Attorney who presented the government's case. This memorandum, which defense counsel learned about some four months after it was written, sharply criticized the trial judge and appellant's counsel for their actions during the course of the trial. Appellant asserted in his response that the memorandum evidenced the government's intent to goad appellant into moving for a mistrial, thus raising the issue whether former jeopardy would bar appellant's retrial. Appellant requested that the trial court conduct an evidentiary hearing into the matter of the prosecutor's intentions. That request, however, was grounded on a desire or proffer to show that "events after the granting of the new trial—show that the prosecution, from that point on in going to the press and moving again for detention [pretrial] and refusing to negotiate shows *right now* the prosecution is tainted with bad faith." (Emphasis supplied.) The trial court declined to hold an evidentiary hearing, and found that, while there had been prosecutorial overreaching during the trial, there was no bad faith on the government's part as contemplated in *Blackledge v. Perry, supra,* and *Oregon v. Kennedy, supra.* The trial court expressly found that the prosecutor was convinced of the appellant's guilt, was "emotionally involved" in the case and "was seeking a conviction no mat-

ter how he could get it because of that emotional involvement."

II

At the outset, we note that we are at this time without jurisdiction to consider appellant's assertion in his brief that the trial court erred in denying appellant's motion to dismiss the indictment based upon prosecutorial vindictiveness. *See United States v. Hollywood Motor Car Co., Inc.,* 458 U.S. 263, 102 S.Ct. 3081, 73 L.Ed.2d 754 (1982). At oral argument counsel for appellant abandoned his effort to seek review on this point, agreeing with the government that the issue is prematurely pressed. *See Abney v. United States, supra,* and *United States v. MacDonald,* 435 U.S. 850, 98 S.Ct. 1547, 56 L.Ed.2d 18 (1978). There is no basis to apply the "collateral order doctrine" to that aspect of the order denying dismissal. Rather, that issue will merge with any appealable judgment adverse to appellant.

■ We are, however, presented with appellant's double jeopardy claim. This issue is ripe for immediate review as "the rights conferred on a criminal accused by the Double Jeopardy Clause would be significantly undermined if appellate review of double jeopardy claims were postponed until after conviction and sentence." *Abney v. United States, supra,* 431 U.S. at 660, 97 S.Ct. at 2040.

■ The availability of immediate review does not, however, preclude the use of expedited appellate procedures in disposing of the appeal. *Coleman v. United States,* 414 A.2d 528 (D.C.1980). *Coleman* dealt with the use of summary procedures in the context of the disposal of frivolous double jeopardy claims. However, public interest in prompt decision may also require expedited procedures and disposition where colorably meritorious claims are advanced, so long as the court rules on the merits of the appeal. *Barefoot v. Estelle,* —— U.S. ——, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983). Thus, in so-called "*Abney*" appeals we will, when either party requests it (both have done so

here), afford full merits review and decision on an expedited basis.

. Appellant's substantive claim involves his assertion that the prosecutor, perceiving that he was laboring under an unfair disadvantage and consequently losing the case, purposefully conducted himself improperly at trial in order to goad appellant into moving for a mistrial. This is contrary to the finding of the trial court that the prosecutor was, in fact, seeking a conviction because of emotional involvement.

■ While a defense request for a mistrial generally bars the assertion of the double jeopardy claim, *United States v. Dinitz,* 424 U.S. 600, 607–10, 96 S.Ct. 1075, 1079–81, 47 L.Ed.2d 267 (1976), there is a narrow exception to this rule. In *Oregon v. Kennedy, supra,* the Supreme Court declared that

[p]rosecutorial conduct that might be viewed as harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion . . . does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause.

\* \* \* \* \* \*

Only where the governmental conduct in question is intended to "goad" the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.

*Id.* 456 U.S. at 675–76, 102 S.Ct. at 2089.

As noted, the defense counsel sought an evidentiary hearing only to show that after the grant of the new trial there existed evidence showing a then bad faith prosecution. There was no request to adduce evidence of an intent during trial to "goad" appellant into requesting a mistrial.

■ Appellant now bases his claim to a hearing on the issue of evil prosecutorial motive upon the internal office memorandum reflecting the prosecutor's dissatisfaction with the judge's conduct of the trial

and counsel for appellant's presentation and tactics. However, nothing in that memorandum indicates that the prosecutor intentionally tried to prompt appellant into moving for a mistrial. The memorandum does not reflect any courtroom maneuvers on his part designed to put an end to the trial in the hopes that prosecution could be brought again with a more favorable atmosphere. Indeed, the memorandum reflects a prosecution bent on conviction during trial.

Given the absence of any proffer of a basis for requiring a hearing on the issue of intent to maneuver a defense requested mistrial and the trial court's vantage and knowledge of all the circumstances at trial, coupled with the content of this particular memorandum, we are unable to say that the trial court erred neither in its finding of no intent to "goad" or in declining to hold an evidentiary hearing. *Bell v. District of Columbia Department of Corrections*, 403 A.2d 330 (D.C.1979); D.C.Code § 17–305 (1981). *See also Merriweather v. United States*, 466 A.2d 853 (D.C.1983).

The order denying the motion to dismiss on double jeopardy grounds is

*Affirmed.*