Drew PENNINGTON, Appellant,

v.

UNITED STATES, Appellee.

No. 83–859.

District of Columbia Court of Appeals.

Dec. 30, 1983.

James Klein, Washington, D.C., and William Traylor, Public Defender Service, Washington, D.C., were on the motion for appellant.

Stanley S. Harris, U.S. Atty., Washington, D.C., at the time the motion was filed, Michael W. Farrell and James F. Rutherford, Asst. U.S. Attys., Washington, D.C., were on the motion for appellee.

Before NEBEKER, FERREN and ROGERS, Associate Judges, in chambers.

NEBEKER, Associate Judge:

This appeal was taken from the denial by the trial court of defendant-appellant Pennington's motion to dismiss his indictment on double jeopardy grounds. The United States has now moved for summary affirmance. In his motion to dismiss, Pennington asserted that he was entitled, under *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), to dismissal because the government intentionally caused his first trial to end in a mistrial. Because there is ample evidence in the record to support the trial judge's finding that the government did not, in fact, intend to cause Pennington's mistrial, we summarily affirm.

I

◼ In denying Pennington's motion to dismiss, Judge Walton held that the facts advanced by the defense to support its claim that the prosecution intended to cause a mistrial did not show that intention. The principal fact cited by the defense was that a prosecution witness, in responding to the prosecutor's question, revealed that the defendant had been in jail. Under D.C.Code § 17–305(a) (1981), this court may not set aside the trial court's factual finding unless it is plainly erroneous or without evidence in the record to support it. This question was one for the court to decide. Accordingly, the nonjury standard of § 17–305(a) applies. The central question presented here, then, is whether there is evidence to support the trial judge's finding that the prosecution did not deliberately maneuver the defense into moving for a mistrial.

II

Pennington was first indicted on May 18, 1982, for assault with intent to commit robbery while armed, D.C.Code §§ 22–501, –3202 (1981), armed robbery, *id.* §§ 22–2901, –3202, and first-degree burglary while armed, *id.* §§ 22–1801, –3202. Pennington's trial began on May 10, 1983.

At trial on May 11, the prosecutor questioned Loretta Cavanaugh, Pennington's girlfriend at the time of the alleged burglary, on direct examination. Miss Cavanaugh was asked a series of questions regarding her contacts with one of the victims and with Pennington, and the following exchange ensued.

Q: Did there come a time when you were seen down here in grand jury?

A: Yes.

Q: Did Drew [Pennington] learn that you had been down here?

A: Yes.

Q: How did he learn that?

A: I went to see him. He was in jail and I went to see him.

At this point, the defense moved for a mistrial and, after a bench conference, Judge Walton granted the motion.

On July 7, prior to being retried, Pennington moved to dismiss the indictment on the ground of former jeopardy, arguing that the prosecution had intended to cause the defense to move for a mistrial. Pennington asserted that the government had interviewed Loretta Cavanaugh previously and "should have anticipated what her testimony was." Therefore, he contended, the case was an appropriate one for dismissal under *Oregon v. Kennedy, supra.* Pennington also moved that the prosecutor be required to testify regarding his motives in asking the question which led to the mistrial.

Judge Walton's denial of Pennington's motion was based on his finding of fact that the prosecutor did not intend to abort the trial.

> I won't require [the prosecutor] in light of his representations and in light of the question that was asked and the response which was nonresponsive given by the witness—I can't find under those circumstances [he] in any way tried to inflame the jury improperly or bring evidence before the jury or that he sought through his conduct to necessitate a mistrial. I won't require him to testify in this matter.

Pennington appealed this interlocutory order denying his motion to dismiss under *Abney v. United States,* 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977). Since there is a motion for summary affirmance before the court in this "*Abney*" appeal, we will afford full merits review on the motion. *See Gant v. United States,* 467 A.2d 968 at 970 (D.C.1983).

### III

■ In denying the motion to dismiss, the trial court found that an evidentiary hearing to inquire into the prosecutor's intent was not necessary because, in light of the prosecutor's representations and the nature of the question asked (to which a nonresponsive answer was given), the prosecution did not intend to cause a mistrial. As observed above, our review of the trial court's finding with respect to prosecutorial intent is limited to determination of whether that finding is supported by evidence in the record or is, in some respect, clearly erroneous. *Edward J. Flynn Co. v. LaVay,* 431 A.2d 543 (D.C.1981); *Springer v. Springer,* 248 A.2d 822 (D.C.1969). For purposes of this case, we hold that necessary evidentiary support need not come from sworn testimony. It is sufficient that the trial judge saw and heard what happened together with any representations of counsel as to his intent, if offered. Of course, with respect to the legal conclusion that no evidentiary hearing was required on the facts of this case, our function is simply to determine if that ruling was an error of law. *Cf.* D.C.Code § 17–305(a) (1981).

■ After reviewing the entire record on appeal, we are convinced that there is more than enough evidence in the record to show that the prosecution did not intend to cause a mistrial. First, there is the trial judge's own evaluation of the prosecution's conduct during the trial. Such an evaluation is entitled to considerable weight. *Edward J. Flynn Co. v. LaVay, supra* at 546 and cases cited therein. Further, the opinion in *Oregon v. Kennedy* anticipates that trial court rulings concerning the existence of prosecutorial intent will naturally and properly be based in part on the court's observation of the trial.

> By contrast, a standard that examines the intent of the prosecutor, though certainly not entirely free from practical difficulties, is a manageable standard to apply. It merely calls for the court to make a finding of fact. Inferring the existence or nonexistence of intent from objective facts and circumstances is a familiar process in our criminal justice system.

*Oregon v. Kennedy, supra,* 456 U.S. at 675, 102 S.Ct. at 2089.

Second, as the government correctly observes, at the time of the witness' answer which led to the declaration of a mistrial, it had introduced the testimony of no fewer than three witnesses to the crime, who positively identified the defendant as one of the two perpetrators. Although appellant contends that the testimony of those witnesses was not in conformity with the prosecutor's expectations, the record does not demonstrate that the government's case was so badly weakened as to permit an inference that the prosecutor might have attempted to goad appellant into requesting a mistrial and be forced thereby to re-try the defendant.

But the most telling weakness of the defense claim is the fact that it is based on a single question asked by the prosecutor and the response thereto by Loretta Cavanaugh, the witness. Pennington fails to cite a single additional incident which in any way suggests a prosecutorial intent to obtain a mistrial. The question itself, "How did you learn that" cannot reasonably be construed to have been intended to elicit the information that Pennington was in jail. Rather, the most reasonable expectation for an answer would have been simply, "I told him [that I had been at the grand jury]." The answer was not directly responsive to the question. To infer a prosecutorial intent to obtain a mistrial from that question and answer alone is to rely on a reed too slender to support the weight of the argument. The trial court considered the unresponsiveness of the answer as a factor. It did not err in doing so.

■ Pennington contends that notwithstanding whatever evidence the record may contain which supports the trial court ruling, that ruling should be set aside because one bit of evidence cited by the trial judge did not, in fact, exist in the record. This concerns the fact that, contrary to the trial judge's stated belief, the transcript of the July 11, 1983 motions hearing does not contain a statement by the prosecutor that he had warned the witness not to reveal the fact that her conversation with the defendant had taken place at the jail. Pennington's contention betrays a misapprehension of the standard of appellate review of findings of fact. It is not necessary that every part of the evidence support the factual finding in order not to be set aside on appeal, only that there exist substantial evidence for the finding, or that the weight of the evidence supports the trial court finding. *Cf. Inwood Laboratories, Inc. v. Ives Laboratories, Inc.,* 456 U.S. 844, 856–59, 102 S.Ct. 2182, 2189–90, 72 L.Ed.2d 606 (1982) (the Court of Appeals may not reject the trial court's findings of fact simply because the appellate court would have assessed the weight or significance of the evidence differently). We conclude that the trial judge's mistaken recollection of what the prosecutor said to him at the motions hearing does not affect the overall weight of the evidence which supports the trial judge's finding of fact. *Cf. Merriweather v. United States,* 466 A.2d 853 (D.C.App.1983). (The prosecutor's failure to apprise the defense of a witness' connection with the police held not to fall within the exception described in *Oregon v. Kennedy.*) "It is one thing to show that the prosecutor was palpably negligent in his pretrial investigation of his witnesses, but to say that such carelessness was part of a deliberate scheme to induce the defense to move for a mistrial is a non-sequitur." *Merriweather v. United States, supra,* at 856.)

■ We next review the trial court's conclusion that an evidentiary hearing concerning prosecutorial intent was not necessary. In the circumstances of this case, we cannot say that the trial court erred. If, without sworn testimony, there is sufficient evidence to support the trial court's finding that the prosecutor did not intend to cause a mistrial, and no hard evidence to the contrary, it would not serve any useful purpose to hold a hearing to adduce sworn evidence of the prosecutor's intent. Generally, such a hearing need only be held where the trial judge concludes, based on the evi-

dence before him, that he cannot make a definite finding with respect to prosecutorial intent. Such occasions will in all likelihood be relatively rare since, as the Supreme Court said, making a finding of fact regarding prosecutorial intent should not ordinarily be a difficult thing for the trial judge to do based on the "objective facts and circumstances," *Oregon v. Kennedy, supra,* 456 U.S. at 675, 102 S.Ct. at 2089, which have already transpired. He has, after all, witnessed the entire presentation of the prosecution's case. We conclude that the trial judge's finding of fact was supported by sufficient evidence and that he did not err in refusing to hear sworn testimony.

Accordingly, we affirm the order denying dismissal of the indictment.