**Gregory FLETCHER, Appellant,**

v.

**UNITED STATES, Appellee.**

**No. 87–1016.**

District of Columbia Court of Appeals.

Submitted Jan. 11, 1990.

Decided Feb. 7, 1990.

Thomas T. Heslep, Lexington, Va., appointed by this court, was on the brief, for appellant.

Jay B. Stephens, U.S. Atty., Washington, D.C., and John R. Fisher, Asst. U.S. Atty., were on the brief, for appellee.

Before ROGERS, Chief Judge, and NEWMAN and STEADMAN, Associate Judges.

PER CURIAM:

Appellant Gregory Fletcher appeals from the denial of his motion to have his retrial barred on double jeopardy grounds, citing *Oregon v. Kennedy,* 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982), following reversal of his conviction for armed robbery, D.C.Code §§ 22–2901, 22–3202 (1989 Repl.). *Fletcher v. United States,* 524 A.2d 40 (D.C.1987). He maintains that the prosecutor (1) intentionally introduced inadmissible evidence that a man named Lewis had identified appellant as the robber when the prosecutor knew that Lewis had recanted his identification, and (2) repeatedly at-

---

**3.** Proceedings in related cases may be judicially noticed. *Coleman v. Burnett,* 155 U.S.App.D.C.

302, 313, 477 F.2d 1187, 1198 (1973).

tempted to bolster the evidentiary value of the repudiated identification by impermissibly impeaching Lewis and emphasizing his bias against appellant. This type of planned misconduct, the element of premeditation in the prosecutor's actions, appellant maintains, entitles him to invoke the protections of the double jeopardy clause. This is because the prosecutor's plan relies on a second trial as a fall back. Finally, appellant maintains that the motions judge's factual findings regarding the prosecutor's intent and actions are clearly erroneous.

The motions judge found at an evidentiary hearing that the reversal of appellant's conviction by this court did not stem from the prosecutor's intent to provoke the defense into moving for a mistrial. Assuming that appellant is entitled to invoke double jeopardy protection,[1] this court can reverse only if the motion judge's findings are unsupported by the evidence and clearly erroneous. *Pennington v. United States*, 471 A.2d 250, 252 (D.C.1983).

In reversing appellant's conviction, the court held that the inadmissible hearsay statement identifying appellant as the robber was sufficiently prejudicial to warrant a mistrial. *Fletcher, supra*, 524 A.2d at 41. The court further noted that the error lies "not merely in the presentation of the prior statement before Lewis' testimony ... but also in the prosecutor's knowledge that there was a strong possibility that Lewis would recant his identification because he had already done so at the earlier lineup and in the prosecutor's office. This uncertainty also makes a strong case for finding prosecutorial misconduct." *Id.* at 43 n. 5. Further, the court noted that the government's "reliance on [a prior non-identification statement] and its showing of a videotape of Lewis viewing the lineup [is evidence that the government] was trying to demonstrate his untrustworthiness in support of its theory of the case, namely that Lewis was either an accomplice or an

unwitting ally, and that his identification of Fletcher was correct." *Id.* at 44. To support this theory, however, the government had to impeach its own witness, which it could not do. *Id.*

Thus, appellant contends that the prosecutor's actions were not unplanned and were based on a knowing violation of a longstanding prohibition against impeaching one's witness. In reviewing appellant's direct appeal the court noted, however, that although there were difficulties with the government's case, there was sufficient evidence, through other identification testimony and corroborating testimony, that appellant committed the robbery, *id.*, thus minimizing motive for misconduct and a mistrial. Under the circumstances, we conclude that the prosecutor's violation of a rule of law fails to fall within *Kennedy*'s stringent requirement. Elements of the motions judge's findings necessarily turned on his evaluation of the prosecutor's credibility in explaining his actions at trial, and while there were troublesome aspects to his conduct, this court defers appropriately to the motions judge's credibility determinations.

In *Kennedy*, the Supreme Court emphasized that intent was the critical factor in demonstrating that the prosecutor's conduct was intended to goad the defense into moving for a mistrial. 456 U.S. at 676, 102 S.Ct. at 2089. Thus, a showing of prosecutorial misconduct such as "harassment or overreaching, even if sufficient to justify a mistrial on defendant's motion ... does not bar retrial absent intent on the part of the prosecutor to subvert the protections afforded by the Double Jeopardy Clause." *Id.* at 675–76, 102 S.Ct. at 2089–90.

In interpreting *Kennedy*, this court has emphasized the type of finding that is required for the double jeopardy bar to apply. Thus, in *Merriweather v. United States*, 466 A.2d 853, 856 (D.C.1983), the court stated that "[i]t is one thing to show that

---

1. The government maintains that since there was no mistrial in appellant's case, double jeopardy concerns are not implicated by his retrial after he succeeded in having his conviction reversed on appeal. *Lockhart v. Nelson*, 488 U.S. 33,

109 S.Ct. 285, 289, 102 L.Ed.2d 265 (1988) (citing *United States v. Ball*, 163 U.S. 663, 16 S.Ct. 1192, 41 L.Ed. 300 (1896) and *United States v. Tateo*, 377 U.S. 463, 84 S.Ct. 1587, 12 L.Ed.2d 448 (1964)).

the prosecutor was palpably negligent in his pretrial investigation of his witnesses, but to say that such carelessness was part of a deliberate scheme to induce the defense to move for a mistrial is a non-sequitur." In that case the prosecutor had failed to inform the defense of a witness' connection with the police. In *Pennington, supra,* 471 A.2d at 252, the defense relied unsuccessfully on the fact that the prosecutor, who had previously interviewed a witness, should have anticipated that the witness, in responding to a prosecutor's question, would have revealed that the defendant had been in jail. The trial judge found that the witness' answer had been unresponsive, *id.,* and this court was similarly impressed. *Id.* at 253. Further, the court pointed out that not only was the motions judge's evaluation of prosecutorial intent entitled to "considerable weight," *id.* at 252, but the judge's mistake in recalling what the prosecutor had said at the motions hearing did not affect "the overall weight of the evidence which supports the trial judge's finding of fact." *Id.* at 253.

Although, as appellant points out, the conduct objected to in *Kennedy, supra,* 456 U.S. at 669, 102 S.Ct. at 2086, and *Gant v. United States,* 467 A.2d 968 (D.C.1983),

*cert. denied,* 466 U.S. 952, 104 S.Ct. 2155, 80 L.Ed.2d 541 (1984), was unplanned, the cases do not suggest that prosecutorial misconduct under all circumstances warrants invocation of double jeopardy protection. Other jurisdictions have reached a similar conclusion. *See, e.g., Aillon v. Manson,* 201 Conn. 675, 680, 519 A.2d 35, 39 (1986); *State v. Duhamel,* 128 N.H. 199, 202, 512 A.2d 420, 422 (1986); *State v. DeMarco,* 211 N.J. Super. 421, 423, 511 A.2d 1251, 1253 (1986); *Commonwealth v. Simons,* 514 Pa. 10, 14–16, 522 A.2d 537, 539–540 (1987); *State v. Gordon,* 508 A.2d 1339, 1345 (R.I.1986).

Accordingly, assuming that appellant is entitled to invoke the protections of the double jeopardy clause, we hold that he has failed to demonstrate that what occurred at his trial meets the stringent requirement set by *Kennedy.*

*Affirmed.*